J-S45025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD RIOS | : | |
| | : | |
| Appellant | : | No. 3294 EDA 2019 |

Appeal from the PCRA Order Entered October 23, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0015924-2010.

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 15, 2020**

Richard Rios appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On May 2, 2012, Rios entered a negotiated guilty plea to third-degree murder and related charges. That same day, the trial court sentenced Rios to an aggregate term of twenty-five to fifty years of imprisonment. Rios did not file a motion to withdraw his plea or a direct appeal.

On April 27, 2018, Rios filed a *pro se* PCRA petition. The PCRA court appointed counsel. On September 14, 2018, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.

Super. 1988) (*en banc*). The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Rios' PCRA petition without a hearing. After being granted an extension, Rios filed a *pro se* response in which he requested permission to raise a claim of trial counsel's ineffectiveness for failing to file a direct appeal. According to Rios, he was unaware of this fact until he received and reviewed PCRA counsel's **Turner**/**Finley** letter.

Given Rios' request, the PCRA court appointed new counsel,[1] who filed an amended PCRA petition on May 8, 2019. The Commonwealth filed a motion to dismiss. On September 19, 2019, the PCRA court issued another Rule 907 notice of its intent to dismiss Rios' PCRA petition as untimely. Rios filed a *pro se* response. By order entered October 23, 2019, the PCRA court denied Rios' petition. This timely appeal followed. Both Rios and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

---

[1] The PCRA court never granted PCRA counsel permission to withdraw. The appointment of new counsel was necessitated by PCRA counsel's death in February, 2019.

On appeal, Rios claims that the PCRA court erred in dismissing his PCRA petition without holding a hearing. *See* Rios' Brief at 4. Before addressing this claim, however, we must first determine if the PCRA court correctly concluded that Rios' 2018 PCRA petition was untimely.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] A PCRA petition invoking one of these statutory exceptions must be filed within sixty days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] Asserted exceptions

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Although this statutory section has been amended to extend the filing deadline to one year, it only "applies to claims arising on [December] 24, 2017

to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Because Rios did not file a direct appeal, for PCRA timeliness purposes, his judgment of sentence became final in thirty days, on May 31, 2012. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Rios had until May 31, 2013, to file a timely PCRA petition. Because he filed the petition at issue on April 27, 2018, it is untimely unless he satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Rios claims that his PCRA petition is timely because he asked trial counsel to file a direct appeal, but only learned that prior counsel failed to file his requested appeal when he reviewed PCRA counsel's ***Turner***/***Finley*** letter dated September 14, 2018. According to Rios, he raised this "newly-discovered" claim within sixty days of learning that trial counsel did not file the requested appeal.

With this claim, Rios attempted to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner

_____

or thereafter." ***See*** § 9545(b)(2). Prior counsel's alleged failure to file a requested appeal occurred in 2012.

must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). To prevail on such a claim, "[a] defendant must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). "This rule is strictly enforced." *Id.* "Due diligence demands that the petitioner take reasonable steps to protect his own interests[.]" *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019).

Here, the PCRA court rejected Rios claim:

Initially, [Rios] makes a bald assertion that he requested an appeal be filed subsequent to his guilty plea. His pleadings contain no averments of any statements made to counsel of such a request nor provide any proof that the request was made. Moreover, [Rios] utterly fails to specify any attempts on his part to ascertain the status of the allegedly requested motions or appeal for almost five year[s,] i.e. (contact counsel or the court). [Rios] is required to exercise due diligence by taking reasonable

steps to protect his own interests. Notably, [Rios'] initial, *pro se* PCRA petition makes not mention of a prior appeal and only raises an issue of governmental interference in the form of [**Brady v. Maryland**, 373 U.S. 83 (1963),] material. It is only when [Rios] did not prevail on his initial claim that he "realized" that no direct appeal had been filed. Therefore, [Rios] cannot establish that he exercised due diligence.

PCRA Court Opinion, 1/6/20, at 5-6 (some citations omitted).

Our review of the record and applicable case law supports the PCRA court's conclusion that Rios has not demonstrated due diligence. ***See***, ***e.g.***, ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. 2011) (finding no due diligence when "[a] phone call to [the petitioner's] attorney or the clerk of courts would have revealed that no appeal had been filed").

In sum, because Rios did not plead and prove a timeliness exception, the PCRA court correctly concluded that it lacked jurisdiction to consider his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020